# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

FONZA JACKSON,

        Petitioner,

v.                                    Case Number 08-14815-BC
                                          Honorable Thomas L. Ludington

JEFFREY WOOD,

        Respondent,

_____/

## ORDER DIRECTING THE CLERK OF THE COURT TO TRANSFER THE CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Before the Court is petitioner's pro se habeas corpus petition filed under 28 U.S.C. § 2254.

Petitioner has previously filed a petition for a writ of habeas corpus, in which he challenged his 1982

conviction out of the Wayne County Circuit Court for first-degree murder. *Jackson v. Jabe*, No. 89-

CV-73016-DT (E.D. Mich. May 24, 1990), *appeal dismissed*, No. 90-1683 (6th Cir. 1990), *cert.

denied*, 498 U.S. 1037 (1991).[1]  For the following reasons, the Court has concluded that it must

transfer this case to the Court of Appeals.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

---

[1] The Court obtained much of this information both from the Internet website for Westlaw, *see* www.westlaw.com, as well as from this Court's docket sheet.  Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice.  *See United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).  In addition, a district court is permitted to take judicial notice of its own files and records in a habeas proceeding.  *See Van Woudenberg ex. rel. Foor v. Gibson*, 211 F. 3d 560, 568 (10th Cir. 2000).  Moreover, although this Court's docket sheet does not specify the conviction that Petitioner challenged in his previous petition, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *see Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n. 3 (E.D. Mich. 2004), indicates that Petitioner was convicted before a Wayne County jury for first-degree murder and was sentenced to life imprisonment on March 16, 1982.  The docket entries for Petitioner's prior habeas application contain a transcript entry from that date.  In addition, OTIS indicates that this is the only conviction for which Petitioner is currently serving a sentence.

("AEDPA"), 28 U.S.C. § 2254.  Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts.  These amendments changed the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus.  The provisions of the AEDPA apply because Petitioner filed his successive habeas application after the effective date of the AEDPA.  *See Norris v. Konteh*, 67 F. Supp. 2d 833, 835 (N.D. Ohio 1999).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).  Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition.  *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be.  *Id.* at 971; *see also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  This requirement transfers to the court of appeals a screening function that the district court previously would have performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, Petitioner has previously filed a habeas petition in federal court. Therefore, he is required to obtain a certificate of authorization.  Although neither party has raised this issue, it is appropriate for this Court to consider the issue sua sponte because subject matter jurisdiction is a prerequisite for the Court's authority to render decisions under Article III of the

Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A); *see also In Re McDonald*, 514 F.3d 539, 543-44 (6th Cir. 2008).

Accordingly, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 3, 2008

<div style="border:1px solid">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 3, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>